### The People on the relation of Peter Dunn v. The Judge of the Superior Court of Detroit.

*Equity pleading and practice: Rule construed: Noticing for hearing.* The provision of chancery rule sixty-four, for noticing cases not in readiness for hearing in time to be noticed for the first day in term, for a subsequent day in term, and for placing such cases at the foot of the calendar, does not apply to cases where the witnesses are to be examined in open court; such cases must be noticed for the first day in term, in accordance with the other provisions of the rule.

*Heard and decided April 22.*

Application for *mandamus*.

The writ of *mandamus* is sought to require the respondent to place a chancery cause pending in the superior court of Detroit, wherein the relator is complainant, and one Valentine Hilsendegen is defendant, upon the calendar for the current term, at the foot thereof. The cause was at issue on bill, answer and replication, and the defendant thereupon took the proper steps and obtained an order for the examination of witnesses in open court. The case was not in readiness for hearing in time to be noticed for the first day in term, but the relator's solicitors noticed it for a subsequent day in term, and thereupon application was made, first to the clerk and afterwards to the court, to have the case placed at the foot of the calendar for the term, as provided in chancery rule sixty-four. This application was denied on the ground that this provision of the rule only applied to cases where the proofs are taken in the usual form by a commissioner or examiner, and not to cases where the testimony is to be taken in open court.

*Atkinson & Hawley*, for the relator.

No counsel appeared for the respondent.

THE COURT held that the respondent's ruling was correct, and that cases where the witnesses are to be examined in open court must be noticed for hearing for the first day in term.

Writ denied.